Dear Mr. Kopplin:
This office is in receipt of the request you made for a reconsideration of Attorney General Opinion 07-0219. Your concerns and the Attorney General's responses to those concerns are presented as follows:
1. ORIGINAL OPINION REQUEST AND GOVERNING STATUTORY AUTHORITY A. District Attorney Morvant's July,2007 Request
In July, 2007, Camille A. "Cam" Morvant, Lafourche Parish's District Attorney, requested an opinion from this office. His request concerned whether or not the Lafourche Parish Council violated LA. REV. STAT. § 33:1236(38)(b) by approving/adopting Advisory Base Flood Elevation ("ABFE") maps at the behest of the Louisiana Recovery Authority.
B. La. Rev. Stat. § 33:1236(38)
LA. REV. STAT. § 33:1236(38) provides local governing authorities such as the Lafourche Parish Council with the authority to pass various ordinances, regulations, codes, and other applications and extensions of the normal police power, to provide standards and provisions for the prudent use and occupancy of certain areas:
 The police juries and other parish governing authorities shall have the following powers:
 (38)(a) To pass zoning ordinances, subdivision regulations, building codes, health regulations and other applications and extensions of the normal police power, to provide standards and effective enforcement provisions for the prudent use and occupancy of flood-prone and mud-slide areas. *Page 2 
 (b) The provisions of Subparagraph (a) of this paragraph shall apply only insofar as is necessary for a parish to use such powers and authority to qualify for the National Flood Insurance Act of 1968, as amended, 42 U.S.C. 4001 to 4127 as enforced under Parts 1901 to 1915.3 of Subchapter B of Title 24 of the Code of Federal Regulations.
 (c) The provisions of Subparagraphs (a) and (b) of this paragraph shall not be construed as to abrogate, impair or supersede existing codes, regulations, ordinances or permits of any municipality or city-parish governing authority, nor to supersede or impair the existing authority of any such municipality or city-parish governing authority to adopt such codes, regulations, ordinances or permits. Provided, however, that the powers authorized in Subparagraphs (a) and (b) of this paragraph shall not be exercised by the police jury until a public hearing has been held in the parish to be affected, notice of the hearing to be published in the official parish journal at least ten days prior to the date of hearing.
 (d) Any zoning ordinances, subdivision regulations, building codes, health regulations and other applications and extensions of the normal police power used by any parish prior to adoption of this legislation in order to qualify for national flood insurance shall be validated and ratified by the passage of this subsection.[1]
LA. REV. STAT. § 33:1236(38)(a) accordingly provides the Lafourche Parish Council authority to pass various ordinances, regulations, codes, and other applications and extensions of the normal police power, to provide standards and effective enforcement provisions for the prudent use and occupancy of flood-prone and mud-slide areas. This authority is limited only insofar as it is necessary for Lafourche Parish to exercise such authority to qualify for the National Flood Insurance Act. However, pursuant to LA. REV. STAT. § 33:1236(38)(c), this particular limitation does not abrogate, impair or supersede the Lafourche Parish Council's existing codes, regulations, ordinances or permits, nor does it supersede or impair the Lafourche Parish Council's authority to adopt codes, regulations, ordinances, or permits.
2. PERTINENT PORTION OF ATTORNEY GENERAL OPINION 07-0219
In La. Atty. Gen. Op. No. 07-0219, while discussing LA. REV. STAT. § 33:1236(38)(b), our office pertinently opined:
 Subsection (b) of the statute clearly limits the power of the parish governing authority to regulate only insofar as necessary to qualify for the National Flood Insurance Plan. It is, therefore, the opinion of this office that the Lafourche *Page 3 
Parish Council exceeded the limits of its authority in this area by adopting preliminary versions of the ABFE maps, as only the final version of the flood elevation maps are required to participate in the National Flood Insurance Plan.[2]
Accordingly, LA. REV. STAT. § 33:1236(38)(b) limits the authority of the Lafourche Parish Council under LA. REV. STAT. § 33:1236(38)(a) only insofar as it is necessary to qualify for participation in the National Flood Insurance Plan. To that limited extent, our office opined the Lafourche Parish Council exceeded its authority under LA. REV. STAT. § 33:1236(38)(a) when it approved/adopted the ABFE maps.
That having been said, a review of the ordinance in question suggests the Lafourche Parish Council approved/adopted the ABFE maps in order for Lafourche Parish (and its residents) to participate in and take advantage of several financially-advantageous programs, not necessarily including the National Flood Insurance Plan. Consequently, a determination of whether the Lafourche Parish Council has authority under state law (other than LA. REV. STAT. § 33:1236(38)) to approve/adopt the ABFE maps must be made. As explained infra, it is the opinion of this office the Lafourche Parish Council does have authority under other state law(s) to approve/adopt the ABFE maps.
3. WHETHER LA. ATTY. GEN. OP. NO. 07-0219 STANDS FOR THE PROPOSITION THATLOCAL GOVERNING AUTHORITIES ARE OTHERWISE LIMITED IN THEIR AUTHORITY
In your request for clarification, you expressed a concern over what impact La. Atty. Gen. Op. No. 07-0219 may have on a local governing authority's regulation of "zoning, subdivisions, building codes, etc." outside the specific parameters of LA. REV. STAT. § 33:1236(38). It is the opinion of this office that the restriction contemplated and codified at LA. REV. STAT. § 33:1236(38)(b) is exclusively limited and intertwined with the authority vested in LA. REV. STAT. § 33:1236(38)(a). Accordingly, for the reasons set forth herein and to the extent necessary, La. Atty. Gen. Op. No. 07-0219 is hereby amended and clarified to state LA. REV. STAT. § 33:1236(38)(b) does not prohibit the passage of "zoning ordinances, subdivision regulations, building codes, etc." by local governing authorities which are unrelated to the specific subject matter (participation in the National Flood Insurance Plan) addressed in LA. REV. STAT. § 33:1236(38)(a) and (b).[3] It is further amended to state local governments maintain possession of whatever authority they are vested with by means of any other law. To that end, our prior opinion should not be construed as limiting any authority otherwise vested in local governing *Page 4 
authorities. This authority would then naturally include the Lafourche Parish Council's ability to approve/adopt the ABFE maps for purposes separate and distinct from those articulated in LA. REV. STAT. §33:1236(38)(a) and (b). It is our opinion that the express provisions contained in LA. REV. STAT. § 33:1236(38)(c) support this conclusion.
If we may be of further assistance, please do not hesitate to contact the undersigned.
 Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 ___________________________ DAVID A. YOUNG Assistant Attorney General
 CCF, JR:DAY
[1] LA. REV. STAT. § 33:1236(38).
[2] La. Atty. Gen. Op. No. 07-0219.
[3] See generally LA. CONST. of 1974, art. VI, § 17; LA. REV. STAT. § 33:4771, et seq.; LA. REV. STAT. § 33:4780.40, et seq.; LA. REV. STAT. § 40:1730.21, et seq. The aforementioned should not be construed as a comprehensive listing of state laws which provide local governments authority to regulate land use, zoning, and/or building usage. It is included for purely illustrative purposes only.